WILLIAM LANE, tenant in possession, plaintiff in error, vs. SARAH E. HOLLIDAY, et al., lessors, defendants in error.

One ground of a motion for a new trial, was, newly discovered evidence, viz, a judgment which would operate as an estoppel, on the other party. The evidence received, contained nothing about any judgment at all.

*Held,* That the newly discovered evidence was evidence that was "not merely cumulative in its character."

Ejectment, from Dooly county. Tried before Judge LAMAR, at October Term, 1858.

This was an action of ejectment by John Doe, upon the several demises of Sarah E. Holliday, administratrix of James Collins, deceased, and Sarah E. Holliday and Joseph Collins, heirs at law of said James Collins, against Richard Roe, casual ejector, and William Lane, tenant in possession, for the recovery of fractional lots Nos. 37, 38, 39 and 92, containing in all three hundred and forty-nine acres, one rood, and eight poles, and situated in the fifteenth district of Dooly county.

The jury found for the plaintiff the undivided one-half of fractional lots Nos. 37 and 38.

Whereupon, the defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the jury found contrary to the evidence.

2d. Because, since the trial, the defendant has discovered evidence material to the issue, which was not within his knowledge before or at the time of said trial.

The Court refused the motion for a new trial, and defendant excepted.

Sam. Hall; and Clark & Lippett, for plaintiff in error.

P. J. Strozier, contra.

By the Court.—Benning, J. delivering the opinion.

Was the Court below right, in overruling the motion for a new trial?

The second ground of the motion, was, newly discovered evidence. The Court below, we are told, considered the newly discovered evidence, "merely cumulative in its character;" and therefore held the ground insufficient. In this, we differ with that Court. We think, that the evidence, was evidence that was "not, merely cumulative in its character." It was evidence that amounted to an estoppel by judgment, on Mrs. Holliday. In the former suit, (in Dooly,) she and her husband, Holliday, sued Wm. Collins, the administrator of her first husband, James Collins, for this same land, or, for an account of it, and there was a recovery against her, and, on the ground, that her first husband, James Collins, had sold the land, in his lifetime. There was evidence on the trial of the present case, going to show, that Lane, the tenant in possession, claimed under one Goodman, and that this Goodman had bought the land from the said first husband, James Collins. These things being so, the judgment would estop Mrs. Holliday, as against the administrator of James Collins, and all claiming under him, or, under William Collins, for

he represented James Collins.    At all events, it may be assumed, that this judgment would estop Mrs. Holliday, as to her present suit, for it was not denied in the argument, that it would estop her, the ground taken in the argument, being, that the judgment would be only cumulative evidence.

The precise point for us, therefore, is no more than this; would the judgment, assuming it to amount to an estoppel, be merely cumulative evidence.    And we say, on that question, that we see, in the evidence, nothing to which we can regard the judgment, as cumulative.    There is, in the evidence, nothing even hinting at any former recovery—nothing to show, that the tenant had any right of any sort, by virtue of any judgment in any case in which Mrs. Holliday was a party.

We think, then, that this was a good ground.    It is unnecessary to consider the other ground.

Judgment reversed.